# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| PAUL & JOYCE BROWN | CIVIL ACTION |
| VERSUS | NO: 09-782 |
| STATE FARM FIRE AND CASUALTY INSURANCE COMPANY | SECTION: "C" (2) |

## ORDER AND REASONS[1]

This matter is before the Court on the issue of its subject matter jurisdiction. The Court previously ordered that the parties submit memoranda on the issue of amount in controversy at the time of filing. Rec. Doc. 3. Plaintiff argued that the jurisdictional minimum was met. Rec. Doc. 8. Defendant did not submit a memorandum. Having considered the record, the memoranda, and the law, the Court has determined that it lacks jurisdiction for the following reasons.

## I. BACKGROUND

The plaintiff homeowners originally filed suit in the Eastern District of Louisiana as part of the mass insurance case of *Adams, et al. v. State Farm Fire and Casualty Insurance Company*, Civil Action No. 07-4459, to recover payment for property damage under their insurance policy with State Farm Fire and Casualty Insurance Company ("State Farm"). Rec. Doc. 1 at 1. The case was consolidated with the *In Re Katrina Canal Breaches Consolidated Litigation*, 495 F.3d

---

[1] Anna Elsohn, a second year student at Loyola University New Orleans College of Law assisted in the preparation of this opinion.

191 (5th Cir. 2007). Magistrate Judge Wilkinson issued an order requiring the plaintiffs to each file an individual amended complaint asserting claims as to their respective property. The homeowners then filed an individualized amended complaint against State Farm. Rec. Doc. 1.

At the time of Hurricane Katrina, on August 29, 2005, homeowners Paul and Joyce Brown claim they were insured under a State Farm homeowners' insurance policy which provided coverage pursuant to its terms and conditions to their home located at 6650 Coventry St., New Orleans, Louisiana 70126. Rec. Doc. 1 at 1. They claim their insurance contract was an "all risk" policy with limits of $106,600 for structure, $79,950 for contents, and "unknown" for additional living expenses, a total of $186,550. Rec. Doc. 8 at 1. The homeowners allege that Hurricane Katrina caused damage to their property, including damage to the roof, the interior, and the home's contents. Rec. Doc. 1 at 2. The homeowners further allege that the damage rendered the real property uninhabitable for an extended period of time and that the damage was caused by wind and wind driven rain. Rec. Doc. 1 at 2.

The plaintiffs claim the defendant has paid them $16,112. Rec. Doc. 8 at 1. The plaintiffs also claim statutory penalties, interest, and attorney fees under La. R.S. 22:658 and La. R.S. 22:1220. Rec. Doc. 1 at 3. The homeowner alleges that this Court has subject matter jurisdiction on the basis of diversity of jurisdiction.[2]

## II. LAW AND ANALYSIS

Parties may neither consent to nor waive federal subject matter jurisdiction. *Simon v.*

---

[2] State Farm Fire and Casualty Insurance company did not file a memorandum directed to the issue of subject matter jurisdiction or an answer to plaintiff's amended complaint. In any event, the plaintiffs have the burden of establishing jurisdiction.

*Wal-Mart Stores, Inc.*, 193 F.3d 848 (5th Cir. 1999). Rather, the court must independently determine whether or not it has jurisdiction over the parties and the subject matter of the dispute. *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999). The party attempting to invoke jurisdiction must "allege with sufficient particularity the facts creating jurisdiction, in view of the nature of the right asserted, and, if appropriately challenged, or if inquiry be made by the court of its own motion, to support the allegation." *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 287 (1938), *citing McNutt v. General Motors Corp.*, 298 U.S. 178, 182-189 (1936); *Diefenthal v. Civil Aeronautics Board*, 681 F.2d 1039 (5th Cir. 1983), *cert. denied*, 459 U.S. 1107 (1983). The courts have further instructed that a jurisdictional determination must be conducted in such a manner as to enable an appellate court to ascertain whether the evidence supports the ultimate finding. *Opelika Nursing Home, Inc. v. Richardson*, 448 F.2d 658 (5th Cir. 1971).

Under 28 U.S.C. §1332, federal district courts have original jurisdiction in cases "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between–citizens of different states..." 28 U.S.C. §1332. Plaintiffs are citizens of and domiciled in the State of Louisiana. Rec. Doc. 1 at 1. State Farm is a foreign insurance corporation authorized to do business in the State of Louisiana.[3] Rec. Doc. 1 at 1. The parties are completely diverse for the purposes of diversity jurisdiction.

The issue in this case is whether there is, in fact, at least $75,000 in controversy. The majority of Fifth Circuit cases concerning amounts in controversy deal with cases that were

---

[3]Plaintiffs did not address diversity of citizenship in their memorandum addressing subject matter jurisdiction. Rec. Doc. 8. However, they alleged in their amended complaint that they are domiciled in the State of Louisiana and that State Farm is a foreign corporation. State Farm did not file an answer. This suggests that the diversity of citizenship element is met.

removed from state to federal court. The Fifth Circuit has, however, applied the same principles and procedures to matters over which the federal court has original jurisdiction. One such example is the case of *St. Paul Reinsurance Co. Inc. v. Greenberg*, 134 F.3d 1250 (5th Cir. 1998), which dealt with an action for declaratory judgment.

In cases that are removed from state to federal court, the removing party must be able to show by a preponderance of the evidence, that the amount in controversy exceeds $75,000. *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993). *See also Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999). The defendant may make this showing in either of two ways: (1) by demonstrating that it is "facially apparent" that the claims are likely above $75,000, or (2) "by setting forth the *facts* in controversy–preferably in the removal petition, but sometimes by affidavit–that support a finding of the requisite amount." *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995) (emphasis in original). In *Allen*, the court explained that if this "facially apparent" test has not been met, the court may instead require that the parties show "summary judgment-type evidence" regarding the amount in controversy. The burden of proving that the minimum jurisdictional amount has been satisfied is on the party invoking the court's jurisdiction. *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283 (1938), *see also McNutt v. General Motors Corp.*, 298 U.S. 178 (1936). In this case, therefore, that burden falls on the plaintiffs.

In their memo addressing subject matter jurisdiction, plaintiffs point to their policy limits of $106,600 for structure and $79,950 for contents, a total of $186,550. Rec. Doc. 8 at 1. They also point to their own estimate of damages–$35,000 for structure, $14,000 for contents, and $8,000 for additional living expenses, a total of $57,000–for which they did not provide any

4

affirmative proof. Rec. Doc. 8 at 1. Plaintiffs also stated that the defendant has only paid $16,112. Rec. Doc. 8 at 1. In addition to the damages to their property, the plaintiffs alleged in their original complaint that they have a claim for statutory penalties, interest, and attorney fees and that State Farm's actions were "arbitrary and capricious," Rec. Doc. 1 at 3. The plaintiffs did not, however, provide any evidence demonstrating the "arbitrary and capricious" nature of the defendants' actions.

The plaintiffs allege that this Court does have subject matter jurisdiction over this matter because the plaintiffs had the benefit of the Louisiana Fourth Circuit Court of Appeals decision in *Sher v. Lafayette Insurance Co.*, 973 So.2d 39 (La. App. 4 Circ. 2007), at the time of the initial filing of this lawsuit, which is the time at which the jurisdictional amount is to be determined.[4] In that case, the court allowed flood damage to be claimed under insurance policies that were written ambiguously. *Id*. Even if plaintiffs may claim flood damages to satisfy the amount in controversy, they have not provided this Court with any proof demonstrating that their estimate should control because they have provided no documentation of the damages they claim their property sustained.

The defendant has submitted neither an answer to the plaintiffs' amended complaint nor a memorandum addressing subject matter jurisdiction. The plaintiffs allege that the defendant has paid them $16,112 to date. Rec. Doc. 8 at 1.

For the Court to determine the amount in controversy, the relevant inquiry is the damage to the property at the time the initial complaint is filed, not the insurance policy limits or the

---

[4]*Sher v. Lafayette Insurance Co.* has since been reversed in part. *Sher v. Lafayette Insurance Co.*, 988 So.2d 186, 2007-2441 (La. 4/8/08). On appeal, the Louisiana Supreme Court further defined the word "flood" and held that "water that flowed through levees broken by Hurricane Katrina was 'flood' within the meaning of flood exclusion." *Id*. They also held that the "statutory amendment increasing penalties... could not be applied retroactively." *Id*.

value of the property. *Hartford Ins. Group v. Lou-Con Inc.*, 293 F.3d 908 (5th Cir. 2002). Accordingly, in this case the plaintiffs' damage estimate, and not the policy limits, controls. Parties would have needed to provide evidence implicating the limits of the policy, damage assessments, or repair estimates. *Fernandez v. Allstate Ins. Co.*, 2008 WL 314405 (E.D.La. 2008). The defendant has apparently paid a total of $16,112. Rec. Doc. 8 at 1. If the plaintiffs' estimate of $57,000 in damages is correct and the defendant has paid the plaintiff $16,112, then a total of $40,888 is left to be paid to the plaintiffs, less than the required $75,000.

The plaintiffs also assert that they may be entitled to potential statutory damages, penalties, and attorney fees under La. R.S. 22:658 and La. R.S. 22:1220. Rec. Doc. 1 at 3. Simply stating that a party may be entitled to penalties is not enough. The parties must present actual facts indicating the propriety of such penalties and that indicate why the party is actually entitled to those penalties. *Thompson v. Allstate Ins. Co.*, 2007 WL 763219 (E.D.La. March 18, 2007). The statutes cited by the plaintiffs, La. R.S. 22:658 and La. R.S. 22:1220 spell out the insurer's duty of good faith and fair dealing as well as the insurer's affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims. They also require findings of fact. La. R.S. 22:658 and La. R.S. 22:1220. The plaintiffs have not provided facts relevant to the allocation of penalties. In *St. Paul Reinsurance Co.*, the Fifth Circuit held that a statutory penalty that required no adjudication could be used to establish threshold jurisdiction, *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250 (5th Cir. 1998), but they did not hold that any claim for statutory penalties that would raise the amount in controversy above the jurisdictional minimum would suffice. *Id*. The plaintiffs may be entitled to penalties, but the Louisiana statute details six specific actions that constitute a "breach," and the "breach" must be

demonstrated with actual evidence. The plaintiffs have not provided evidence demonstrating the "arbitrary and capricious" nature of the defendants' acts. In any event, no copy of the prerequisite proof of loss has been provided as ordered.

The burden of proving that this Court has jurisdiction is on the plaintiffs. Even without the defendants' memorandum addressing subject matter jurisdiction, it is clear that the plaintiffs have not demonstrated that the amount in controversy exceeds the required minimum of $75,000. Therefore, this Court does not have subject matter jurisdiction over this action.

## III. CONCLUSION

Accordingly,

IT IS ORDERED that plaintiff's complaint is hereby DISMISSED for lack of subject matter jurisdiction under 28 U.S.C. §1332.

New Orleans, Louisiana this 15th day of June, 2009.

**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**